IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Allan Gunnells, | ) | Civil Action No. 8:14-1978-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jonathan Goodman, Officer Dillman, James Jenkins, Ms. Sharon Patterson, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff James Allan Gunnells, ("Plaintiff"), an inmate proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling.

On January 11, 2016, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 56), recommending that Defendants' Second Motion for Summary Judgment, (ECF No. 41), be granted in part and denied in part; more specifically, the Report recommends that Plaintiff's claim of deliberate indifference against Defendant Goodman survive summary judgment, while all remaining claims be dismissed. (ECF No. 56). Defendant Goodman submitted a timely Objection to the Report, (ECF No. 58), and the matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including in particular the Magistrate Judge's Report and Defendant Goodman's Objection. Although the Court finds that the Magistrate Judge's Report is thorough and well-reasoned in many respects, the Court declines to accept that portion of the Report which concludes that Plaintiff's action, including his deliberate indifference claim against Defendant Goodman, is not barred by the governing statute of limitations. *See* ECF No. 56 at pp. 9-12. In this portion of the Report, the Magistrate Judge correctly notes that just as § 1983 actions incorporate the applicable three year statute of limitations governing state tort actions, so too do § 1983 actions incorporate state tolling rules, including S.C. Code Ann. § 15-3-100, which directs that a statute of limitation should be tolled where a plaintiff is statutorily prohibited from pursuing a cause of action. Furthermore, it is evident that, pursuant to federal statute, inmate-plaintiffs, including Plaintiff here, are required to exhaust their administrative remedies prior to bringing any § 1983 action. *See* 42 U.S.C.A. § 1997(e). Therefore, the Court likewise has no difficulty accepting the Report's conclusion that, while the Fourth Circuit has not yet spoken to the precise interaction between § 15-3-100 (the state tolling statute) and § 1997(e) (requiring exhaustion of administrative remedies), it is very probably that the circuit court would find that the three year statute of limitations governing § 1983 actions should properly be tolled during the period of time during which § 1983 inmate-plaintiffs are statutorily

required to exhaust their administrative remedies.

However, the Court departs from the Magistrate Judge's Report in its application of these principles to the instant case, and in its ultimate conclusion that the statute of limitations here was properly tolled until May 1, 2013, the date on which prison officials finally, belatedly responded to Plaintiff's Step 2 grievance, as this finding would extend the length of tolling well beyond the time period during which Plaintiff was statutorily prohibited from filing this action.

Instead, the Court follows the lead of other courts in the District of South Carolina that have found that tolling is only warranted up until the date on which an inmate-plaintiff is due a final response from prison officials on the disposition of his or her grievance. *See Saucillo v. Samuels*, 2013 WL 360258 at *2 (D.S.C. Jan. 30, 2013); *Kelly v. White*, 2011 WL 939015 at *3 (D.S.C. March 16, 2011). Importantly, this approach is consistent with the associated principle, also well established in the case law of this District and elsewhere, that once the period provided for in a prison grievance policy for an administrative response has elapsed, whether or not prison officials actually provide a timely response, the inmate-plaintiff has substantially complied with the § 1997(e) exhaustion requirement and is no longer prohibited from pursuing a lawsuit. *See Malik v. Ward*, 2010 WL 936777 at *3 (D.S.C. March 16, 2010) (noting that where a prisoner has not received an administrative response in the 114 days provided for under the South Carolina Department of Corrections grievance policy, "he will have exhausted such administrative remedies as are available") (internal quotation and citations omitted); *Finch v. McCormick Correctional Institution*, 2008 WL 2076673 at *4 (D.S.C. May 8, 2008); *see also Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) ("Following the lead of the . . . other Circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely

respond to a properly filed grievance.").

Applying these principles to the facts at issue here, pursuant to § 1997(e), Plaintiff was statutorily prohibited from filing suit in this case, not until May 1, 2013, the date on which prison officials belatedly responded to Plaintiff's Step 2 grievance, but only until April 14, 2011, the last possible date on which prison officials could have timely responded to Plaintiff's grievances under the terms of their inmate grievance policy. As such, the statute of limitations governing Plaintiff's § 1983 action was only appropriately tolled until April 14, 2011. In electing to wait until May 15, 2014 to bring this litigation, Plaintiff failed to file within the clear three year limitation period governing § 1983 actions.

In view of all of the foregoing, the Court **ACCEPTS IN PART** and **DECLINES TO ACCEPT IN PART**, the Report of the Magistrate Judge. (ECF No. 56). Specifically, the Court declines to accept that portion of the Report which concludes that Plaintiff filed this § 1983 action within the governing statute of limitations, and that Plaintiff's claim of deliberate indifference against Defendant Goodman and other claims are not barred by the statute of limitations. The Court accepts and incorporates by reference into this Order those remaining portions of the Report that are not inconsistent with the Court's Order, including those portions which set out alternative bases for dismissal of claims. Consequently, Defendants' Second Motion for Summary Judgment, (ECF No. 41), is **GRANTED**.

**IT IS SO ORDERED.**

                                                              s/Mary G. Lewis
                                                              United States District Judge

February 29, 2016
Columbia, South Carolina